UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JUNIUSKA DIAZ CHASOY,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1676

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court will grant Petitioner leave to proceed *in forma pauperis*. The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (*Id.*, PageID.25.)

In an Order entered on June 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on June 9, 2026, (ECF No. 5.) Petitioner filed a reply on June 15, 2026. (ECF No. 6.) After reviewing the parties' submissions, the Court concludes that the petition is properly dismissed without prejudice.

**Discussion**

## I.      Relevant Factual Background

Petitioner is a native and citizen of Venezuela. (Notice to Appear, ECF No. 5-1, PageID.50.) Petitioner entered the United States on April 12, 2023, as "a nonimmigrant B-2, visitor for pleasure" with authorization to remain in the United States until October 9, 2023, and Petitioner has remained in the United States since her initial entry. (*See id.*) On April 30, 2026, ICE arrested Petitioner. (*See* Form I-286, ECF No. 5-2.) Respondents indicate that "[o]n May 4, 2026, Petitioner filed a custody redetermination request, and a hearing was scheduled for May 12, 2026. She appeared at the hearing pro se and withdrew the custody request to hire an attorney." (Resp., ECF No. 5, PageID.42 (citing Ex. C, Case Portal Entries).) Respondents further indicate that "[t]he hearing was rescheduled for May 28, 2026, at which time Petitioner again withdrew the custody redetermination request."[1] (*Id.*) Respondents state that "DHS will not oppose Petitioner's request for another bond hearing if she requests one." (*Id.*, PageID.42 n.2.)

## II.     Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

[1] Petitioner's petition and reply do not present any claims regarding Petitioner's withdrawals of her bond hearing requests. (*See* Pet., ECF No. 1; Reply, ECF No. 6.)

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## III.    Discussion

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026).

As set forth above, Petitioner has not yet had a bond hearing pursuant to § 1226(a) because she withdrew her prior requests for such a hearing. In Respondents' response, they concede that, if requested, Petitioner would receive a § 1226(a) bond hearing. Under these circumstances, the Court will dismiss this action without prejudice.[2]

---

[2] If contrary to Respondents' concession in their brief, when Petitioner requests a bond hearing in Immigration Court, Respondents do not in fact provide Petitioner with a § 1226(a) bond hearing where the Immigration Judge concludes that he or she has jurisdiction to consider the bond request, then Petitioner would be free to file a new § 2241 petition requesting that this Court order Respondents to provide Petitioner with a § 1226(a) bond hearing.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment dismissing the petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:  _____June 23, 2026_____          /s/ Jane M. Beckering_____
                                            Jane M. Beckering
                                            United States District Judge

4